Filed 09/28/10    Case 10-19022    Doc 13



Law Offices of Peter L. Fear
Peter L. Fear, No. 207238
Gabriel J. Waddell, No. 256289
7750 North Fresno Street, Suite 101
Fresno, California  93720
(559) 436-6575
(559) 436-6580 (fax)
pfear@fearlaw.com

Attorney for Debtor SAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>SOCHEATH SAR;<br>  NAY MENG,<br><br>                    Debtor(s).<br><br>Address:<br>1348 W. North Ave.<br>Fresno, CA  93706 | Case No. 10-19022-A-12<br><br>Chapter 12<br><br>D.C. No. PLF-2<br><br>Date:   November 23, 2010<br>Time:   10:00 AM<br>Place:  Dept. A, Ctrm. 11, 5th Floor<br>            United States Courthouse<br>            2500 Tulare St., Fresno, California<br>Judge: Hon. Whitney Rimel |

## **CHAPTER 12 PLAN**

SOCHEATH SAR and NAY MENG (collectively, "Debtor") submit the following Chapter 12 Plan (the "Plan") pursuant to Section 1221 of the Bankruptcy Code:

### I.
### TERM

1.01.    Debtor is a family farmer with regular income and is eligible to be a debtor under Chapter 12 of the Bankruptcy Code.

Chapter 12 Plan - 1

1.02. Debtor will submit future income to the supervision and control of the Trustee as is necessary for the execution of the Plan. A <u>Budget and Operation Statement</u> is attached hereto as Exhibit "1". Debtor will be able to make the payments under the Plan and comply with the provisions of the Plan. The Trustee may move the Court for dismissal of the case if Debtor fails to make any payment to the Trustee called for by the Plan.

1.03. Pursuant to Section 1222(c), the Plan provides for payment over a three year period. A schedule of the payments to creditors required by the Plan is provided in Exhibit "1" attached hereto.

## II.
## CLASSIFICATION AND TREATMENT OF CLAIMS

2.01. **Class 1 Claims**: Claims entitled to treatment as administrative claims shall be Class 1 claims. Class 1 claims are claims arising after Debtor filed for relief under Chapter 12 and shall be paid in full. Any Class 1 claim that requires court approval shall be paid after court approval. Class 1 claims shall be paid by Debtor as an expense necessary for the operation of the business. Any Class 1 claim paid through the Trustee shall be entitled to priority as provided in Section 507(a). All Class 1 claims shall be paid before there is any distribution on account of the prepetition claims described below.

### SECURED CLAIMS

2.02. Secured Claimants shall be paid by the Trustee from income delivered to the Trustee by Debtor. Secured Claimants shall retain all rights set forth in their notes and security documents and Debtor shall perform all terms of their agreements except as modified by the Plan. Secured Claimants shall be allowed to exercise all rights and remedies available to them under the law except as modified by the Plan and operative provisions of the Bankruptcy Code. All fees, penalties or late charges provided in the security documents shall be allowed

concerning post confirmation defaults in the same percentage as the fee, penalty or charge was assessable prepetition. The security interests held by Class 2 through Class 3 claimants shall be extinguished when their secured claims have been paid in full. This means that each secured claimant shall release its security interest after its secured claim has been paid in full.

2.03. All monetary defaults have been considered in the Plan. All such defaults shall be deemed cured on confirmation of the Plan. A secured claimant may proceed in accordance with the terms of its security agreement and applicable law without further order of the Court if Debtor defaults in any payment due after the Chapter 12 case is closed.

2.04. **Class 2 Claim**: The claim of Chase Home Finance secured by Debtor's farm and home located at 1348 West North Avenue, Fresno, CA 93706 (the "Property") shall be a Class 2 claim. The value of the Property pursuant to Section 506(a) is $210,000. Thus, the Class 2 claim shall be $210,000 on the Effective Date of the Plan. The balance of the Chase Home Finance's claim shall be treated as an unsecured claim. The Class 2 claim shall accrue interest at the rate of five percent (5%) per annum after the Effective Date of the Plan and shall be amortized over thirty (30) years. The Class 2 claim shall be paid in seven (7) payments per year, which payments shall be made monthly in the months of May through November. No payments will be made from December through April. The amount of each of the seven (7) monthly payments shall be $1,933.79, and such payments shall continue for 30 years until the Class 2 claim is paid in full. The Class 2 claim is currently escrowed, and it shall continue to be escrowed under the Plan. Prior to filing the case, the monthly escrow payments were $402.83. These payments shall be made with the regular payments in seven (7) monthly payments from May through November. Based on the current escrow requirements, Debtor shall pay $690.57 per month for the seven months Debtor makes payments. If the Class 2

creditor changes the escrow requirements in the future, Debtor shall calculate the amount of escrow payments due in one year and divide the number by seven (7) to determine the escrow payment to be made with the Class 2 claim payment. The Class 2 claim shall be paid by the Chapter 12 Trustee until completion of the Chapter 12 case, at which time the Debtor shall make the payment directly.

2.05.  **Class 3 Claim**: Class 3 is made up of the claim of Toyota Motor Credit Corporation secured by 2006 Toyota Tundra. The claim shall accrue interest at the rate of 4.25 percent per annum after the Effective Date of the Plan and shall be amortized over 36 months. The Class 3 claim shall be paid in seven (7) payments per year, which payments shall be made monthly in the months of May through November. No payments will be made from December through April. The amount of each of the seven (7) monthly payments shall be $689.86, and such payments shall continue until the Class 3 claim is paid in full. Class 3 payments shall be paid through the Chapter 12 trustee.

## PRIORITY AND GENERAL UNSECURED CLAIMS

2.15.  **Class 11 Claims:** Allowed unsecured claims not otherwise described in the Plan shall be Class 11 claims. All Class 11 claims are of one class and shall be paid pro rata from the money received by the Trustee not otherwise disbursed under the Plan.  Class 11 shall include the unsecured portion of any secured claims. Class 11 claimants shall receive no payment under the Plan. Debtor believes that the Class 11 claims will be about $269,013.46 on the Effective Date of the Plan.

## III.

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

3.01. Upon confirmation of the Plan, Debtor shall assume the lease of a 2009 Mercedes Benz with Mercedes Benz of Fresno. Debtor's daughter makes all payments on this lease and therefore, Debtors believe they will be able to make the payments. Other than this lease, Debtor has no executory contracts or unexpired leases that will be assumed by the plan. Upon confirmation of the Plan, any executory contracts or unexpired leases shall be deemed rejected. Debtor does not believe that Debtor has any such executory contracts or unexpired leases that will be rejected.

## IV.

## MEANS FOR EXECUTING THE PLAN

4.01. Debtor farms 13 acres, part of which contain greenhouses that are used to grow oriental vegetables and part of which are used to grow persimmons. Debtor has been farming since 1993 and Debtor will continue the operation of the farm during the term of the Plan. Debtor takes the vegetables to sell in a farmers' market in Stockton. Debtor only receives income from vegetable sales from May through November of every year. For that reason, Debtor has designed the plan to make payments from May through November and then no payments will be made from December through April. Debtor receives little, if any, income from the persimmons and is not counting on any income from the persimmon trees for purposes of this plan. Debtor will use income received from the operation of the farm to fund the Plan. <u>Income and Expense Projections</u> for Debtor for the term of the Plan are included in the Exhibit "1" attached hereto. Debtor believes that his business will produce sufficient income from which he can fund the Plan. Debtor shall use his best efforts to maximize the income generated by his business during the term of the Plan.

4.02. Any money generated by Debtor in excess of that required by the Plan may be used to meet other business needs of Debtor or to prepay any claim provided for by the Plan.

## V.

## CHAPTER 7 COMPARISON

5.01. The value of property is to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of Debtor was liquidated under Chapter 7, Title 11, United States Code on the Effective Date of the Plan. All creditors holding priority and general unsecured claims shall receive payment equal to or greater than the amounts that the creditors would have received if the estate of Debtor was liquidated under Chapter 7. The provisions of 11 USC 1222 and 1225 have been satisfied as a result of the treatment of the Class 11 claims described above. Because Debtor has no non-exempt assets, if this were a case under Chapter 7, unsecured creditors would receive nothing.

## VI.

## GOOD FAITH

6.01. The Plan complies with Chapter 12 and all other provisions of the Bankruptcy Code. Any fee, charge or amount required to be paid under Title 28 of the United States Code or required by the Plan to be paid before confirmation has or will be paid before confirmation. The Plan has been proposed in good faith and not by any means forbidden by law.

## VII.

## CONFIRMATION PROCEDURE

7.01. The Court may confirm the Plan and accept the allegations asserted herein if written objections to the Plan are not filed with the Court and served on counsel for Debtor and

the Trustee not less than five court days before the date fixed for hearing on confirmation. The hearing on confirmation shall be governed by the provisions of Section 1224.

## VIII.

## REVESTMENT OF PROPERTY IN DEBTOR

8.01. The automatic stay shall be lifted upon entry of discharge unless otherwise provided by court order or the Plan. Property of the estate shall vest in accordance with applicable law if the case is converted to Chapter 7 or Chapter 11 of the Bankruptcy Code. Property of the estate shall vest in Debtor upon entry of discharge unless otherwise provided.

## IX.

## OTHER PROVISIONS

9.01. Post Confirmation Financing: Debtor may obtain post confirmation financing without obtaining an order of court provided such post confirmation financing is reasonable and consistent with the ordinary course of business conducted by Debtor. All such financing arrangements shall be reported to the Trustee within forty-five days of consummation of such financing during the term of the Plan. Debtor may give liens against accounts receivable generated and almonds produced by Debtor after they filed for relief under Chapter 12 to creditors after confirmation of the Plan. These liens shall be superior to any liens against the accounts receivable generated and almonds produced by Debtor after they filed for relief under Chapter 12 held by a prepetition creditor. Debtor shall not incur postpetition debt except in the ordinary course of business without the written consent of the Trustee.

9.02. Chapter 12 Payments: Debtor shall make all payments required under the Plan to M. Nelson Enmark, Trustee, unless otherwise instructed in writing. A schedule for the payments required by the plan is provided in the Exhibit "1" attached hereto.

9.03. <u>Effect of Confirmation:</u> Except as provided for in Section 1228(a), the provisions of a Chapter 12 Plan confirmed by the Court bind Debtor and each creditor whether or not the claim of such creditor is provided for by the Plan and whether or not such creditor has objected to, accepted, or rejected the Plan. Property vesting in Debtor after the entry of a discharge shall be free and clear of any claim or interest of any creditor provided for by the Plan except as provided in Section 1228(a), the Plan, or the Order Confirming the Plan.

9.04. <u>Modification of Chapter 12 Plan Before Confirmation:</u> Debtor may modify the Plan at any time before confirmation so long as the provisions of Section 1223 are satisfied.

9.05. <u>Modification of Chapter 12 Plan After Confirmation:</u> Modification of the Plan is permissible in accordance with Section 1229

9.06. <u>Discharge:</u> The Court shall enter a discharge of all debts provided for by the Plan after completion of the payments required by the Plan. The provisions of Section 524 shall apply upon entry of the discharge. Debtor may receive a discharge of all dischargeable debts even if all payments under the Plan have not been completed provided the provisions of Section 1228 are satisfied. Property of the estate shall vest in Debtor and the Court shall terminate the services of the Trustee after the discharge is entered.

9.07. <u>Cooperation and Reporting:</u> Debtor shall file all periodic reports required by the Court or the Trustee and shall file such reports in a timely manner. Debtor shall file all federal, state, and local tax returns as required by law and shall deliver all completed federal, state, and local tax returns to the Trustee at least thirty days before the due date for all such returns. The taxes owed by Debtor as shown by the tax returns shall be paid by Debtor on or before the date such taxes become due. Debtor shall meet with the Trustee or his representatives as required by the Court or the Trustee. All fees and costs charged by the Trustee, as allowed by law, shall be paid from the funds of the Chapter 12 estate.

9.08. <u>Claims:</u> Class 11 Claimants and priority claimants, if any, must file a proof of claim in accordance with Bankruptcy Rule 3002 to have an allowed claim except as provided by Bankruptcy Rule 3003, 3004, and 3005 or order of the Court. A claim which is timely filed shall be allowed unless objection is made to it. A disputed claim shall be disallowed without a hearing unless a creditor having a disputed claim files a proof of claim. It shall be the duty of Debtor to object to a disputed claim and the Trustee shall make distribution on account of such claim until an objection is filed. However, the Trustee may suspend payments to a creditor holding a disputed claim until the objection is heard and determined by the Court if Debtor file an objection to the claim within ninety days of the Effective Date of the Plan.

Claims filed an allowed in the manner permitted by the Bankruptcy Code for post petition debt is incurred by Debtor may be paid in full without interest in such order an on such terms as the Trustee my determine.

9.09 <u>Terminology:</u> Unless otherwise defined, all references to the following terms shall have the following meaning:

1. **Debtor** shall mean the Chapter 12 petitioner.

2. All references to a "**Section**" shall refer to applicable sections of Title 11 of the United States Code.

3. **Bankruptcy Code** shall mean Title 11 of the United States Code.

4. **Court** shall mean the United States Bankruptcy Court for the Eastern District of California.

5. **Effective Date of the Plan** shall mean the date of entry of the order confirming the Plan.

6. **Trustee** shall mean the Chapter 12 Trustee appointed in connection with this proceeding.

9.10. <u>Adequate Protection:</u> The adequate protection required by Section 362 shall be provided by the payments described in the Plan or payments required by 11 USC Section 1205.

## X.

## JURISDICTION

10.01. Property of the estate shall remain under the jurisdiction of the Court during the pendency of the Plan except as otherwise provided in the Plan. The Court shall have the same jurisdiction over Debtor and the property of the estate during the pendency of the Plan as the Court had on the date the Voluntary Petition under Chapter 12 was filed.

Date: 9/27/10       _____
                                    SOCHEATH SAR, Debtor

Date: 9/27/10       _____
                                    NAY MENG, Debtor

# Budget/Cash Flow Projections/Plan Payments

*Exhibit "1"*

|  | Dec-10 | Jan-11 | Feb-11 | Mar-11 | Apr-11 | May-11 | Jun-11 |
|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | |
| Farm Income | $0 | $0 | $0 | $0 | $0 | $9,000 | $9,000 |
| Contributions from family members | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | | |
| | | | | | | | |
| **TOTAL RECEIPTS** | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $9,000 | $9,000 |
| | | | | | | | |
| **EXPENSES** | | | | | | | |
| Farm Expenses | $0 | $0 | $200 | $200 | $200 | $1,500 | $1,500 |
| Personal Expenses | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 |
| **TOTAL EXPENSES** | $2,500 | $2,500 | $2,700 | $2,700 | $2,700 | $4,000 | $4,000 |
| **Plan and Debt Payments** | | | | | | | |
| Administrative Expenses | | | | | | $250 | $250 |
| Class 2 Payments | $0 | $0 | $0 | $0 | $0 | $2,624 | $2,624 |
| Class 3 Payments | $0 | $0 | $0 | $0 | $0 | $690 | $690 |
| Total Payments without Trustee Payments | $0 | $0 | $0 | $0 | $0 | $3,564 | $3,564 |
| | | | | | | | |
| Total Payments with Trustee Payments | $0 | $0 | $0 | $0 | $0 | $3,874 | $3,874 |
| | | | | | | | |
| **TOTAL DISBURSEMENTS** | $2,500 | $2,500 | $2,700 | $2,700 | $2,700 | $7,874 | $7,874 |
| | | | | | | | |
| Receipts OVER or (UNDER) disbursements | -$1,500 | -$1,500 | -$1,700 | -$1,700 | -$1,700 | $1,126 | $1,126 |
| Accumulated Cash | -$1,500 | -$3,000 | -$4,700 | -$6,400 | -$8,100 | -$6,974 | -$5,848 |

Filed 09/28/10　　　　　　　　　　　　　　Case 10-19022　　　　　　　　　　　　　　Doc 13

## Budget/Cash Flow Projections/Plan Payments

*Exhibit "1"*

|  | Jul-11 | Aug-11 | Sep-11 | Oct-11 | Nov-11 | Dec-11 | Jan-12 | Feb-12 | Mar-12 |
|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | |
| Farm Income | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $0 | $0 | $0 | $0 |
| Contributions from family members | | | | | | $1,000 | $1,000 | $1,000 | $1,000 |
| | | | | | | | | | |
| **TOTAL RECEIPTS** | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $1,000 | $1,000 | $1,000 | $1,000 |
| | | | | | | | | | |
| **EXPENSES** | | | | | | | | | |
| Farm Expenses | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $0 | $0 | $200 | $200 |
| Personal Expenses | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 |
| **TOTAL EXPENSES** | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 | $2,500 | $2,500 | $2,700 | $2,700 |
| **Plan and Debt Payments** | | | | | | | | | |
| Administrative Expenses | $250 | $250 | $250 | $250 | $250 | $0 | $0 | $0 | $0 |
| Class 2 Payments | $2,624 | $2,624 | $2,624 | $2,624 | $2,624 | $0 | $0 | $0 | $0 |
| Class 3 Payments | $690 | $690 | $690 | $690 | $690 | $0 | $0 | $0 | $0 |
| Total Payments without Trustee Payments | $3,564 | $3,564 | $3,564 | $3,564 | $3,564 | $0 | $0 | $0 | $0 |
| | | | | | | | | | |
| Total Payments with Trustee Payments | $3,874 | $3,874 | $3,874 | $3,874 | $3,874 | $0 | $0 | $0 | $0 |
| | | | | | | | | | |
| **TOTAL DISBURSEMENTS** | $7,874 | $7,874 | $7,874 | $7,874 | $7,874 | $2,500 | $2,500 | $2,700 | $2,700 |
| | | | | | | | | | |
| Receipts OVER or (UNDER) disbursements | $1,126 | $1,126 | $1,126 | $1,126 | $1,126 | -$1,500 | -$1,500 | -$1,700 | -$1,700 |
| Accumulated Cash | -$4,722 | -$3,597 | -$2,471 | -$1,345 | -$219 | -$1,719 | -$3,219 | -$4,919 | -$6,619 |

# Budget/Cash Flow Projections/Plan Payments

*Exhibit "1"*

|  | Apr-12 | May-12 | Jun-12 | Jul-12 | Aug-12 | Sep-12 | Oct-12 | Nov-12 | Dec-12 |
|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | |
| Farm Income | $0 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $0 |
| Contributions from family members | $1,000 | | | | | | | | $1,000 |
| | | | | | | | | | |
| **TOTAL RECEIPTS** | $1,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 | $1,000 |
| | | | | | | | | | |
| **EXPENSES** | | | | | | | | | |
| Farm Expenses | $200 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $0 |
| Personal Expenses | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 |
| **TOTAL EXPENSES** | $2,700 | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 | $2,500 |
| **Plan and Debt Payments** | | | | | | | | | |
| Administrative Expenses | $0 | $250 | $250 | $250 | $250 | $250 | $250 | $250 | $0 |
| Class 2 Payments | $0 | $2,624 | $2,624 | $2,624 | $2,624 | $2,624 | $2,624 | $2,624 | $0 |
| Class 3 Payments | $0 | $690 | $690 | $690 | $690 | $690 | $690 | $690 | $0 |
| Total Payments without Trustee Payments | $0 | $3,564 | $3,564 | $3,564 | $3,564 | $3,564 | $3,564 | $3,564 | $0 |
| | | | | | | | | | |
| Total Payments with Trustee Payments | $0 | $3,874 | $3,874 | $3,874 | $3,874 | $3,874 | $3,874 | $3,874 | $0 |
| | | | | | | | | | |
| **TOTAL DISBURSEMENTS** | $2,700 | $7,874 | $7,874 | $7,874 | $7,874 | $7,874 | $7,874 | $7,874 | $2,500 |
| | | | | | | | | | |
| Receipts OVER or (UNDER) disbursements | -$1,700 | $1,126 | $1,126 | $1,126 | $1,126 | $1,126 | $1,126 | $1,126 | -$1,500 |
| Accumulated Cash | -$8,319 | -$7,193 | -$6,067 | -$4,942 | -$3,816 | -$2,690 | -$1,564 | -$438 | -$1,938 |

Filed 09/28/10　　　　　　　　　　　　　　Case 10-19022　　　　　　　　　　　　　　Doc 13

## Budget/Cash Flow Projections/Plan Payments

*Exhibit "1"*

|  | Jan-13 | Feb-13 | Mar-13 | Apr-13 | May-13 | Jun-13 | Jul-13 | Aug-13 | Sep-13 |
|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | |
| Farm Income | $0 | $0 | $0 | $0 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 |
| Contributions from family members | $1,000 | $1,000 | $1,000 | $1,000 | | | | | |
| | | | | | | | | | |
| **TOTAL RECEIPTS** | $1,000 | $1,000 | $1,000 | $1,000 | $9,000 | $9,000 | $9,000 | $9,000 | $9,000 |
| | | | | | | | | | |
| **EXPENSES** | | | | | | | | | |
| Farm Expenses | $0 | $200 | $200 | $200 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 |
| Personal Expenses | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 | $2,500 |
| **TOTAL EXPENSES** | $2,500 | $2,700 | $2,700 | $2,700 | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 |
| **Plan and Debt Payments** | | | | | | | | | |
| Administrative Expenses | $0 | $0 | $0 | $0 | $250 | $250 | $250 | $250 | $250 |
| Class 2 Payments | $0 | $0 | $0 | $0 | $2,624 | $2,624 | $2,624 | $2,624 | $2,624 |
| Class 3 Payments | $0 | $0 | $0 | $0 | $690 | $690 | $690 | $690 | $690 |
| Total Payments without Trustee Payments | $0 | $0 | $0 | $0 | $3,564 | $3,564 | $3,564 | $3,564 | $3,564 |
| Total Payments with Trustee Payments | $0 | $0 | $0 | $0 | $3,874 | $3,874 | $3,874 | $3,874 | $3,874 |
| **TOTAL DISBURSEMENTS** | $2,500 | $2,700 | $2,700 | $2,700 | $7,874 | $7,874 | $7,874 | $7,874 | $7,874 |
| Receipts OVER or (UNDER) disbursements | -$1,500 | -$1,700 | -$1,700 | -$1,700 | $1,126 | $1,126 | $1,126 | $1,126 | $1,126 |
| Accumulated Cash | -$3,438 | -$5,138 | -$6,838 | -$8,538 | -$7,412 | -$6,286 | -$5,161 | -$4,035 | -$2,909 |

## Budget/Cash Flow Projections/Plan Payments

*Exhibit "1"*

|  | Oct-13 | Nov-13 |
|---|---|---|
| **INCOME** | | |
| Farm Income | $9,000 | $9,000 |
| Contributions from family members | | |
| | | |
| **TOTAL RECEIPTS** | $9,000 | $9,000 |
| | | |
| **EXPENSES** | | |
| Farm Expenses | $1,500 | $1,500 |
| Personal Expenses | $2,500 | $2,500 |
| **TOTAL EXPENSES** | $4,000 | $4,000 |
| **Plan and Debt Payments** | | |
| Administrative Expenses | $250 | $250 |
| Class 2 Payments | $2,624 | $2,624 |
| Class 3 Payments | $690 | $690 |
| Total Payments without Trustee Payments | $3,564 | $3,564 |
| Total Payments with Trustee Payments | $3,874 | $3,874 |
| **TOTAL DISBURSEMENTS** | $7,874 | $7,874 |
| Receipts OVER or (UNDER) disbursements | $1,126 | $1,126 |
| Accumulated Cash | -$1,783 | -$657 |